**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TANYA LEONE**                                                          **CIVIL ACTION**

**VERSUS**                                                                    **NO. 16-6830**

**GENERAL MOTORS LLC, ET AL.**                                 **SECTION "B"(3)**

## OPINION

Before the Court is "Plaintiff's Motion to Continue Trial Date." Rec. Doc. 28. This matter arises from a simple motor vehicle accident that occurred on April 22, 2015. Rec. Doc. 1-1 at 2. Tanya Leone ("Plaintiff") originally filed suit in state court on April 21, 2016. *Id.* Defendant General Motors, LLC removed the case to this Court on May 23, 2016 (Rec. Doc. 1) and trial was originally scheduled for May 22, 2017 (Rec. Doc. 18). Pursuant to an unopposed motion to continue, trial was rescheduled for October 16, 2017. Rec. Doc. 22.

The revised scheduling order provided that Plaintiff's expert reports had to be exchanged no later than June 9, 2017. Rec. Doc. 22 at 2. Yet, on June 7, 2017, Plaintiff filed the instant motion to continue the trial date, arguing that her second expert required additional time to conduct discovery and complete his report. Rec. Doc. 28-1 at 2. Apparently, Plaintiff's lead expert informed Plaintiff that it would no longer serve as Plaintiff's expert and would not produce a report on Plaintiff's behalf. *Id.* Plaintiff now claims that her second expert "will need more time to do

additional discovery in order to produce a report for Plaintiff as Lead Expert." *Id.* When Defendants refused to agree to extend Plaintiff's expert report deadline, she filed the instant motion to continue the trial date. *Id.* Plaintiff does not explain why she did not simply file an opposed motion to extend the expert report deadline or why, with the expert report deadline set for June 9, 2017, she set the instant motion for submission on July 19, 2017.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation and quotation marks omitted). The court may consider four factors when determining if there is good cause: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation and modification marks omitted).

In response to the instant motion, Defendant General Motors, LLC explains that Plaintiff has "done nothing to move this case

forward," and that Plaintiff has not noticed a single deposition since August of 2016, propounded any discovery interrogatories or requests for production of documents, or issued any subpoenas for the production of records. Rec. Doc. 31 at 3. It also explains that Plaintiff's lead expert was retained before the suit was originally filed in April of 2016. *Id.* at 4. Defendant Budget Rent a Car System, Inc. adds that the vehicle was inspected by Plaintiff's experts four times during 2015. Rec. Doc. 48 at 3. The vehicle was subsequently inspected two more times during 2016. *Id.* Even though Plaintiff does not admit when her lead expert first informed her that it would not supply a report, Defendant Budget Rent a Car System, Inc. notes that the expert's inspections were completed in 2015 and that Plaintiff's second expert was present at these inspections. *Id.* at 5.

Both Defendants suggest that Plaintiff's lead expert refused to provide her with a report because he was "of the opinion that a defect in the vehicle did not cause the sudden acceleration event . . . ." Rec. Doc. 31 at 4; *see also* Rec. Doc. 48 at 2 (where Defendant Budget Rent a Car System, Inc. explains that it agreed to a two-week extension of Plaintiff's expert report deadline if Plaintiff voluntarily dismissed her claims against it "because the [remaining] theories of liability espoused by [P]laintiffs are directed solely to co-defendant, General Motors").

Plaintiff failed to show that she was unable to meet the expert report deadline despite due diligence. Inspections were completed in 2015 and Plaintiff was aware of the June 9, 2017 expert report deadline as early as August 5, 2016. Yet, she waited to file a motion to continue until two days before that deadline and she set her motion for submission more than a month later (despite the availability of at least one earlier submission date and the possibility of moving for expedited consideration). This is not a complicated case. The parties had ample time to conduct discovery and prepare reports. It appears to the Court that Plaintiff simply wants additional time to find an expert willing to prepare a report that supports her primary theory of liability. Under the circumstances, this does not amount to good cause. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**. The jury trial remains scheduled for October 16, 2017.

New Orleans, Louisiana, this 21st day of July, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE