**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TANYA LEONE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-6830** |
| **GENERAL MOTORS, LLC, ET AL.** | **SECTION "B"(3)** |

### ORDER AND REASONS

Before the Court are Defendant "General Motors LLC's Motion for Summary Judgment," (Rec. Doc. 60) and "Motion to Strike Plaintiffs' Expert Mechanic, Sid Gearhart" (Rec. Doc. 63), as well as Defendant Avis Budget Car Rental, L.L.C. and Budget Rent A Car System, Inc.'s "Motion for Summary Judgment," (Rec. Doc. 62) and "Motion in Limine to Strike Sid Gearhart as Plaintiff's Expert Witness and to Exclude His Testimony at Trial" (Rec. Doc. 64). The motions were set for submission on August 23, 2017. Pursuant to Local Rule 7.5, Plaintiff's memoranda in opposition were due on or before August 15, 2017. No memoranda in opposition were filed. Further, no party filed a motion to continue the noticed submission date or a motion for extension of time within which to oppose the motions. Thus, the motions are deemed to be unopposed. As discussed below, it further appears to the Court that the motions have merit. Accordingly,

**IT IS ORDERED** that the motions (Rec. Docs. 60, 62-64) are **GRANTED AS UNOPPOSED.**

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an April 22, 2015 motor vehicle accident. Rec. Doc. 1-1 at 2-3, ¶¶ 5-6. Tanya Leone ("Plaintiff") alleges that her 2014 Chevrolet Cruze (VIN number 1G1PG5SB9E7407408) "suddenly, unexplainably and unintentionally accelerated in speed . . . [and] application of the brakes failed to stop the vehicle." *Id.* at 3, ¶¶ 5, 8. To avoid hitting another vehicle, Plaintiff "swerved the vehicle left, over the median . . . and thereafter hit the base of a traffic signal." *Id.* at 3, ¶ 6. She insists that both she and her minor son, Nikko Leone, suffered damage as a result of the accident. *Id.* at 3, ¶¶ 8, 11.

The Chevrolet Cruze was manufactured by Defendant General Motors LLC ("GM") and owned and maintained by Defendant Avis Budget Car Rental, L.L.C. ("Avis") and/or Defendant Budget Rent A Car System, Inc. ("Budget"). Rec. Docs. 1-1 at 3-4, ¶¶ 9-10, 17; 13 at 1-2.[1]

---

[1] Avis answered the original petition and explained that it was incorrectly referred to as "Avis Budget Rental" in Plaintiff's original petition. *See* Rec. Docs. 5 at 1; 8. On June 27, 2016, Plaintiff filed an amended complaint. She stated that the defendant named "Avis Budget Rental" in her original petition "has as its correct name **BUDGET RENT A CAR SYSTEM, INC.**" Rec. Doc. 13 at 1 (emphasis in original). In the memorandum in support of their motion for summary judgment, Avis and Budget explain that the Chevy Cruze was part of the Budget fleet and was rented from that company. Rec. Doc. 62-3 at 1. The <u>purpose</u> of the amended complaint was to replace Avis with Budget; however, the <u>effect</u> was to substitute Budget for "Avis Budget Rental," while maintaining Avis as a separate Defendant. *Id.* at 1-2. Avis and Budget state that all parties understand that Budget is the proper defendant and that Budget has "stipulated that although not the registered owner, as the vehicle's custodian and lessor, it was responsible for maintaining and servicing the vehicle." *Id.* at 2. Nonetheless, the instant motion was filed on behalf of both Avis and Budget. *Id.*

On April 20, 2016, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, alleging that the Cruze was defectively designed and/or manufactured and that Defendants were liable pursuant to the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51. Rec. Doc. 1-1 at 3-4, ¶¶ 12-14, 16.

On May 23, 2016, GM removed the matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. Rec. Doc. 1 at 3, ¶¶ VIII-IX.

Under this Court's scheduling order, Plaintiff's expert reports had to be exchanged no later than June 9, 2017. Rec. Doc. 22 at 2. On June 7, 2017, Plaintiff filed a motion to continue the trial date, arguing that her second expert required additional time to conduct discovery and complete his report. Rec. Doc. 28-1 at 2. However, Plaintiff's expert completed his inspections in 2015, Plaintiff knew about the June 9, 2017 deadline as early as August 5, 2016, and Plaintiff waited to file a motion to continue until two days before the expert report deadline and set the motion for submission more than a month later. Rec. Doc. 55 at 4. Accordingly, this Court determined that there was no good cause to modify the scheduling order and we denied the motion to continue. *Id.*

Despite this Court's order, Plaintiff filed a witness list on July 10, 2017 identifying Sid Gearhart as an "expert mechanic."

Rec. Doc. 51 at 1. Because Plaintiff failed to exchange Gearhart's expert report, Defendants moved to strike Gearhart from the witness list. Rec. Docs. 63-64.

## II. THE PARTIES' SUMMARY JUDGMENT CONTENTIONS

GM argues that Plaintiff has not identified experts who will testify at trial, supplied expert reports, identified defects in the Cruze, or specified whether any such defect is due to the vehicle's design, composition, specification, warnings, or express warranty. Rec. Doc. 60-2 at 5.

Avis and Budget argue that Plaintiff failed to allege that their ownership and/or maintenance of the vehicle "caused or contributed to the existence of any defect(s) in the vehicle, or that [they] knew, or in the exercise of reasonable care should have known, of the alleged ruin, vice or defect(s) which allegedly caused or contributed to the accident," such that Plaintiff failed to state a claim upon which relief may be granted. Rec. Doc. 62-3 at 4. They further argue that, even if Plaintiff had alleged such claims, she cannot produce any evidence to support those allegations. *Id.*

Essentially, both Defendants argue that Plaintiff has not produced sufficient evidence to meet her burden of proof.

## III. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to

4

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Conclusory rebuttals of the pleadings are

insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**A. LPLA CLAIMS AGAINST DEFENDANT GM**

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." LA. REV. STAT. ANN. § 9:2800.52. Generally, it provides that a "manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." LA. REV. STAT. ANN. § 9:2800.54(A). It establishes four theories of liability: (1) a manufacturing defect under § 9:2800.55;[2] (2) a design defect under § 9:2800.56;[3] (3) failure to adequately warn under § 9:2800.57;[4] and (4) failure to conform to

---

[2] This statute provides that "[a] product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."
[3] This statute provides that a product is unreasonably dangerous in design if, at the time it left the manufacturer's control, (1) there existed an alternative design that would have prevented the plaintiff's damage and (2) the likelihood that the design would cause the plaintiff's damage and the gravity of that damage outweighed the burden of adopting the alternative design and the adverse effect of the alternative design on the product's utility.
[4] This statute provides that a product is unreasonably dangerous if, at the time it left the manufacturer's control, it "possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." A warning is not required when "[t]he product is dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics" or "[t]he user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." § 9:2800.57(B). Further, "[a] manufacturer of a product who, after the product

6

a manufacturer's express warranty under § 9:2800.58.[5] § 9:2800.54(B).

For manufacturing defects, the "characteristic of the product that renders it unreasonably dangerous . . . must exist at the time the product left the control of its manufacturer." § 9:2800.54(C). For design defects and inadequate warnings, that characteristic must exist at the time the product left the manufacturer's control "or result from a reasonably anticipated alteration or modification of the product." *Id.* It is the plaintiff's burden to prove the elements included in §§ 9:2800.54(A)-(C). § 9:2800.54(D).

"As both [the Fifth Circuit] and Louisiana courts have recognized, for expert testimony <u>not to be required</u> in a products liability case, 'the product itself, or at least the . . . feature in question, must be relatively uncomplicated, and the implications . . . such that a layman could readily grasp them.'" *Stewart v. Capital Safety USA*, No. 16-30993, 2017 WL 2347612, at *3 (5th Cir. May 30, 2017) (emphasis added) (quoting *Lavespere v.*

---

has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." § 9:2800.57(C).

[5] This statute provides that "[a] product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant . . . to use the product and the claimant's damage was proximately caused because the express warranty was untrue."

7

*Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 184 (5th Cir. 1990) *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)) (citing *McKey v. Gen. Motors Corp.*, 96-0755, p. 7 (La. App. 1 Cir. 2/14/97); 691 So. 2d 164, 170 n.2). "Consequently, courts consistently require expert testimony in products liability cases, even when the products in question are in common use." *Id.* (footnote omitted).

In *Underwood v. General Motors LLC*, after filing LPLA claims against a car manufacturer, the plaintiffs failed to exchange expert reports by the court's deadline. No. 14-188, 2015 WL 5475610, at *1 (M.D. La. Sept. 17, 2015), *aff'd sub nom.*, 642 F. App'x 468 (5th Cir. 2016). Three months after the expert report deadline, the plaintiffs moved for an extension. *Id.* The motion was denied because the plaintiffs failed to show good cause for their non-compliance with the court's scheduling order. *Id.* The manufacturer moved for summary judgment and the plaintiffs, "flout[ing]" the court's earlier order, opposed the motion by attaching an affidavit and curriculum vitae of a purported expert. *Id.* at *2. After striking those materials from the record, the court noted that "Louisiana courts and federal courts interpreting Louisiana law have held that it is not possible for a jury to determine a product to be defective under the LPLA without expert testimony." *Id.* at *2-3 (citing *Bourgeois v. Garrard Chevrolet, Inc.*, 02-288, p. 9 (La. App. 4 Cir. 2/21/02); 811 So. 2d 962, 966-

8

67, *writ denied,* 02-0846 (La. 5/24/02); 816 So. 2d 854; *Campbell v. Mitsubishi Motors, Inc.*, 344 F. Supp. 2d 962, 966 (W.D. La. 2004)). The court was not persuaded by the plaintiffs' argument that a genuine issue of material fact existed because lay witness testimony "that flames appeared on the car dashboard and a 'series of booms' happened prior to any collision" was "contrary to the assumptions relied upon by [d]efendant's experts." *Id.* The court explained:

> The Fifth Circuit has acknowledged that "there may be cases in which the judge or the jury, while relying on background knowledge and 'common sense,' can 'fill in the gaps'" such that an expert opinion would be unnecessary. This is not such a case. Whether or not a fuel tank or an automobile electrical system was defective, or was the proximate cause of driver or passenger injury, is not part of the everyday experience of the average finder of fact. A juror would need expert testimony to evaluate these issues concerning highly technical aspects of automobile engineering.

*Id.* (internal citations omitted). Plus, the plaintiffs failed to present evidence that any alleged defect existed at the time the vehicle left the manufacturer's control. *Id.* at *4. Consequently, the court granted the manufacturer's motion for summary judgment. *Id.*

On appeal, the Fifth Circuit affirmed because the plaintiffs did not present evidence of (1) the manufacturer's specifications or performance standards or how the vehicle allegedly differed from them; (2) an alternative, feasible design; or (3) the

9

existence of a defect when the vehicle left the manufacturer's control. 642 F. App'x at 472.

Like the plaintiffs in *Underwood*, Plaintiff has failed to exchange expert reports by this Court's deadline and failed to demonstrate good cause for that failure. Without such reports, it is highly unlikely that Plaintiff would be able to satisfy her burden of proof. Yet, unlike the plaintiffs in *Underwood*, Plaintiff has not even attempted to present evidence of a manufacturing defect, an available alternative design, an inadequate warning, or an express warranty. She also failed to show that any such defect existed at the time the vehicle left GM's control. Essentially, Plaintiff failed to present a genuine issue of material fact warranting trial. *See also Centauri Specialty Ins. Co. v. Gen. Motors, LLC*, No. 16-226, 2017 WL 1015311, at *9 (M.D. La. Mar. 15, 2017) (granting summary judgment in favor of the car manufacturer where the plaintiff failed to identify an unreasonably dangerous characteristic, present evidence that this characteristic existed when it left the manufacturer's control or resulted from a reasonably anticipated alteration of the product, and it was the type of case "which would require expert testimony to carry Plaintiff's burden on the existence of a defect and causation" and there was no such evidence); *Lucas v. Gen. Motors, LLC*, No. 13-748, 2014 WL 3924658 (W.D. La. Aug. 8, 2014) (the plaintiff brought LPLA claims against a car manufacturer, alleging that the air bag

was unreasonably dangerous because it failed to deploy during a collision, but presented no expert testimony to address the manufacturer's motion for summary judgment; instead, he argued that his deposition testimony and the police report showing that he was traveling at 55 miles per hour at the time of the collision created a genuine issue of material fact; the court found such evidence insufficient to rebut the conclusions of the manufacturer's experts); *Green-Johnson v. Enter. Rent-A-Car*, No. 06-5475, 2008 WL 941708 (E.D. La. Apr. 7, 2008) (in an LPLA action against a car manufacturer, the plaintiff failed to present expert testimony, identify a specific defect, present evidence of an alternative design, inadequate warning, or express warranty, such that the court granted summary judgment in favor of the manufacturer); *Campbell v. Mitsubishi Motors, Inc.*, 344 F. Supp. 2d 962 (W.D. La. 2004); *Reynolds v. Bordelon*, 2014-2371, p. 2 (La. 6/30/15); 172 So. 3d 607, 610.

**B. CLAIMS AGAINST DEFENDANTS AVIS AND BUDGET**

Defendants Avis and Budget are not alleged to be the manufacturer and therefore are not subject to liability under the LPLA. Nonetheless, Louisiana law provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." LA. CIV. CODE art. 2317. Accordingly,

11

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

LA. CIV. CODE art. 2317.1. "To recover under article 2317, 'a plaintiff must prove he was injured by a thing, the thing was in the defendant's custody, there was a vice or defect creating an unreasonable risk of harm in the thing, and the injured person's damage arose from such a defect.'" *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 838 F. Supp. 2d 497, 511 (E.D. La. 2012) (quoting *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1363 (La. 1992)). "Article 2317.1, enacted in 1996, abrogates the concept of 'strict liability' in cases involving defective things and imposes a negligence standard based on the owner or custodian's knowledge or constructive knowledge of the defect." *Gros v. Warren Props., Inc.*, No. 12-2184, 2012 WL 5906724, at *10 (E.D. La. Nov. 26, 2012) (citing *Hagood v. Brakefield*, 35,570 (La. App. 2 Cir. 1/23/02); 805 So. 2d 1230, 1233, *writ denied,* 02-0557 (La. 4/26/02); 815 So. 2d 90). Therefore, the plaintiff must show that (1) the thing was in the defendant's custody or control; (2) the thing had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the defect caused the damage. *Johnson v. Ryder Truck*

12

*Rental, Inc.*, 10-834, p. 5 (La. App. 5 Cir. 5/24/11); 66 So. 3d 1127, 1129 (citation omitted).

To their motion, Avis and Budget attached the affidavit of Brent Thompson, the head of the department responsible for the maintenance of vehicles in Defendants' rental fleets. Rec. Doc. 62-4 at 1. He stated that the Cruze was purchased new on July 1, 2014 and used until it was involved in the underlying accident. *Id.* at 2. The vehicle's repair history shows that it was subject to periodic preventive maintenance and that a broken tail lamp was replaced on April 2, 2015. *Id.* Thompson further stated that the records did "not reflect any complaints or conditions which required [any other] repair or maintenance . . . ." *Id.* at 3. Further, both Plaintiff and her husband testified that they did not experience any problems with the Cruze during the three-day period between their rental of the vehicle and the accident. Rec. Docs. 62-5 at 4; 62-6 at 4.

Plaintiff's claims against Avis and Budget fail for the same reason that her claims against GM failed: Plaintiff has not presented evidence that Avis or Budget knew or should have known of any such defect. To the contrary, Defendants presented maintenance records, an affidavit, and Plaintiff's own testimony to suggest that they did not know and should not have known of any alleged defect. Finally, Plaintiff has not presented evidence that

13

any alleged defect caused her damages. Therefore, there is no genuine issue of material fact warranting trial.

**IV. CONCLUSION**

For the reasons outlined above,

**IT IS ORDERED** that the motions (Rec. Docs. 60, 62-64) are **GRANTED AS UNOPPOSED**, it appearing to the Court that the motions have merit.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE.**

A motion for reconsideration of this Order, based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within ten (10) days of this Order. The motion must be accompanied by opposition memoranda to the original motions. Because such a motion would not have been necessary had timely opposition memoranda been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. *See* FED. R. CIV. P. 16, 83. A statement of costs and fees conforming to Local Rules 54.2 and 54.3 shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8) days prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 23rd day of August, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE