UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANYA LEONE<br>*Individually and on behalf of*<br>*her minor child, Nikko Leone* | CIVIL ACTION |
| VERSUS | NO. 16-6830 |
| GENERAL MOTORS, LLC, ET AL. | SECTION "B"(3) |

ORDER AND REASONS

Before the Court is Defendants' "Joint Motion Pursuant to FRCP Rule 60(a) and/or Alternatively Rule 59(e) to Correct and/or Alter or Amend the Final Judgment Issued on September 5, 2017." Rec. Doc. 67. Plaintiffs did not file an opposition. For the reasons discussed below,

**IT IS ORDERED** that the motion is **GRANTED**.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs were injured in a car accident while driving a rental car. Rec. Doc. 1-1 at 2-5. Plaintiff Tanya Leone, on behalf of herself and her minor child, brought various products liability claims against the car manufacturer and rental car company. *Id.*; Rec. Doc. 13. Defendants filed motions for summary judgment (Rec. Docs. 60, 62), but Plaintiffs did not file opposition memoranda. In an Order and Reasons, the Court granted Defendants' motions for summary judgment as unopposed and, after analyzing Defendants'

1

arguments and the law, also concluded that Defendants' motions had merit. Rec. Doc. 65 at 1, 4-14.

The Court ordered that Plaintiffs' claims were dismissed without prejudice and gave Plaintiffs 10 days to file a motion for reconsideration and opposition memoranda to Defendants' motions for summary judgment. *Id.* at 14. Plaintiffs filed neither and the Court issued a judgment on September 5, 2017. Rec. Doc. 66. The judgment "**ORDERED, ADJUDGED, AND DECREED** that all claims in the above-captioned matter by Plaintiff, Tanya Leone, are **DISMISSED WITHOUT PREJUDICE**." *Id.* Defendants filed the instant motion on September 18, 2017, and noticed it for submission on October 4, 2017. Rec. Doc. 67, 67-2. Plaintiffs have not filed an opposition.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "Because the court can exercise its authority under Rule 60(a) at any time, it may do so only to provide a specific and very limited type of relief" to address a situation where "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011) (internal citations and quotation marks omitted).

"[T]hree criteria . . . determine whether a mistake can be corrected under Rule 60(a): (1) the nature of the mistake; (2) the district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights." *Id.* All three criteria weigh in favor of granting Defendants' motion under Rule 60(a). *See id.* at 194-201. The Court turns first to Defendants' request that the judgment be corrected to reflect the fact that Plaintiffs' claims were dismissed with prejudice.

First, dismissing a party's claim without prejudice instead of with prejudice is the type of "clerical mistake" encompassed by Rule 60(a). *See id.* at 194. "Rule 60(a) authorizes a district court to modify a judgment so that the judgment reflects the necessary implications of the court's decision, and a motion for summary judgment is necessarily granted with prejudice." *Id.* at 194-95.

Second, Defendants seek "corrections that are consistent with the court's intent at the time it entered the judgment" *Id.* at 195. This intent is determined by examining "relevant documents that were produced contemporaneously with the judgment, such as a memorandum opinion or order . . . ." *Id.* at 196. In its Order and Reasons, the Court set out the summary judgment standard and then discussed Plaintiffs' inability to demonstrate a genuine issue of material fact. *See* Rec. Doc. 65 at 4-14. The Court concluded that Plaintiffs "failed to present a genuine issue of material fact warranting trial" as to one Defendant and that "there [wa]s no

3

genuine issue of material fact warranting trial" as to the two other Defendants. Rec. Doc. 65 at 10, 14. Therefore, the Court intended to dismiss Plaintiffs' claims with prejudice. *See Rivera*, 647 F.3d at 197-98 (holding that a district court intended to dismiss a plaintiff's claims with prejudice because the district court "discuss[ed] and appl[ied] the summary-judgment standard, and address[ed] the essential evidentiary shortcoming that defeat[ed] [the plaintiff's] claims").

Third, correcting the judgment to reflect that Plaintiffs' claims were dismissed with prejudice does not "require the [Court] either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication." *Id.* at 199. "Summary judgment is an adjudication on the merits, and a dismissal following an adjudication on the merits is, by definition, a dismissal with prejudice." *Id.* at 200.

The same analysis holds true with respect to Defendants' request that the judgment be corrected to reflect the fact that both Tanya Leone's and Nikko Leone's claims were dismissed with prejudice. The failure to include Nikko Leone's name in the judgment is an oversight similar to the "[c]lerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation [that] are within Rule 60(a)'s scope." *Id.* at 193-94; *see also Braun v. Ultimate Jetcharters, LLC*, 828

4

F.3d 501, 515-17 (6th Cir. 2016); *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 323-26 (2d Cir. 1973).

Consistent with Defendants' motions for summary judgment (Rec. Docs. 60, 62), the Court intended to dismiss both Tanya's and Nikko's claims. Even a correction that "unsettle[s] expectations and ha[s] significant effects" on the parties is permissible under Rule 60(a) as long as "the record makes it clear that an issue was actually litigated and decided, but was incorrectly recorded in or inadvertently omitted from the judgment." *Rivera*, 647 F.3d at 199 (internal citations and quotation marks omitted). Tanya Leone was the only Plaintiff actually litigating the case; Nikko's rights were asserted by his mother on his behalf. *See* Rec. Doc. 13 at 1; Fed. R. Civ. P. 17. The Court's grounds for granting summary judgment—that Plaintiffs' failure to develop evidence of a defect in the rental car precluded them from satisfying their burden of proof as a matter of law—apply to both Tanya's and Nikko's claims. Rec. Doc. 65 at 6-14. Because the Court decided all "issue[s] of substantive law" with respect to all Plaintiffs in its Order and Reasons, the Court can correct the judgment to reflect that reality under Rule 60(a). *See Rivera*, 647 F.3d at 199-200.

**A motion for reconsideration of this Order, based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within ten (10) days of this Order.** The motion must be accompanied

5

by an opposition memorandum to the original motion. Because such a motion would not have been necessary had timely opposition memoranda been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. See Fed. R. Civ. P. 16, 83. A statement of costs and fees conforming to Local Rules 54.2 and 54.3 shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8) days prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 18th day of October, 2017.

                                             _____
                                             SENIOR UNITED STATES DISTRICT JUDGE